```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

TONY R. BLANKENSHIP,

    Plaintiff,

v.                              Civil Action No. 2:14-cv-24740

WESTFIELD INSURANCE COMPANY

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is defendant Westfield Insurance Company's ("Westfield") partial motion for summary judgment, filed April 9, 2015. For the reasons set forth below, the motion is granted.

## Background

Plaintiff Tony R. Blankenship ("Blankenship") is a resident of Kanawha County, West Virginia. Pl. Compl. ¶ 1. Since 1994, Blankenship has maintained a homeowner's insurance policy, issued by Westfield, for a parcel of property located in Dunbar, West Virginia. Id. ¶¶ 3-4. On July 8, 2012, the house located on that property was struck by lightning during an electrical storm, caught fire, and was significantly damaged. Id. ¶ 7. Blankenship reported the fire to Westfield the day after the damage occurred, July 9, 2012. Id. ¶ 8. In his complaint, Blankenship alleges that Westfield instructed him to leave the house uninhabited, and he complied with

that request until "approximately August 15, 2012." Id. ¶ 9. Sometime during the month-long period in which the house was unoccupied, "one or more thefts occurred" at the property, during which "both personal property and attached home improvements" including "siding, copper piping, copper wiring, [an] HVAC system . . . and other items of value that remained in the residence after the fire" were stolen. Id. ¶ 10. The primary contention underlying Blankenship's lawsuit is that "while some of the damages regarding the storm and theft . . . have been paid by [Westfield]," Westfield has "failed to pay [Blankenship] everything he is entitled to under the policy." Id. ¶ 11.

Blankenship initiated this action in the Circuit Court of Kanawha County, West Virginia, on July 2, 2014. His complaint identified three causes of action: negligence, breach of contract, and bad faith. Westfield filed a timely notice of removal on August 14, 2014, citing diversity of citizenship. On September 4, 2014, the court granted Westfield's partial motion to dismiss Blankenship's bad faith claim, after being advised that both parties agreed that the claim should be dismissed. See Order Herein of September 4, 2014 (ECF 8). The case continued and discovery was conducted on the remaining two claims set forth in the complaint: negligence and breach of contract.

Westfield moves for summary judgment solely with respect

2

to Blankenship's negligence claim, arguing that it is "nothing more than a reiteration of his causes of action for breach of contract or 'bad faith' arising from how Westfield handled [his] claim." Def. Mem. in Supp. Mot. for Partial Summ. J. at * 3.

## Discussion

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

"[I]n a negligence suit, a plaintiff is required to show four basic elements: duty, breach, causation, and damages." <u>Hersh v. E-T Enterprises, Ltd. P'ship</u>, 232 W. Va. 305, 310 (2013). Westfield argues that summary judgment on Blankenship's negligence claim is appropriate because tort liability cannot be predicated solely on the breach of a contractual duty, and inasmuch as the only duty owed by Westfield in this case arises from the insurance contract, Blankenship has not and cannot make the showing of duty necessary to prevail on his negligence claim. Blankenship offers little in the way of rebuttal, other than stating in a conclusory

3

fashion, that his negligence claim "is not a reiteration of his causes of action for breach of contract or bad faith." Pl. Mem. of Law Opposing Def.'s Mot. For Summ. J. at * 4.

West Virginia adheres to the widely recognized principle that the failure to perform a contractual obligation does not create tort liability. See Lockhart v. Airco Heating & Cooling, Inc., 211 W. Va. 609, 614 (2002)("Tort liability of the parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation. An action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract."), Syl. pt. 2 Sewell v. Gregory, 179 W. Va. 585 (1988)("In the matters of negligence, liability attaches to a wrongdoer, not because of a breach of a contractual relationship, but because of a breach of duty which results in an injury to others."), see also Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc., --- F.3d. --- 2015 WL 1771537, at *3 n. 6 (4th Cir. 2015)(applying West Virginia law, citing Lockhart, and stating that "[t]his requirement — that a tort claim must rest on a non-contractual duty — is hornbook law in most jurisdictions") (citing Black's Law Dictionary (10th Ed. 2014) and the Restatement (Third) of Torts: Liab. for Econ. Harm § 3 (Tentative Draft No. 1 2012)). However, West Virginia also recognizes a limited exception

4

to this principle.  See <u>Chamberlaine & Flowers, Inc. v. Smith Contracting, Inc.</u>, 176 W. Va. 39 (1986)(recognizing that tort liability can arise from a contractually-bound party's "misfeasance, or negligent affirmative conduct" that occurs during their performance of the contract).

The facts of <u>Chamberlaine</u> are analogous to those in this case.  In <u>Chamberlaine</u> an insured plaintiff alleged that the defendant insurer "negligently adjusted plaintiff's claim and negligently failed to pay to plaintiff the amount to which it was entitled by virtue of the policy of insurance."  <u>Id.</u>  The West Virginia Supreme Court of Appeals described the plaintiff's allegation as "dressing a contract claim in a tort's clothing" and upheld a lower court's dismissal of the negligence cause of action because there was "no tort liability for [the insurer's] nonfeasance."  Blankenship supports his negligence claim with a substantially similar allegation, stating that Westfield "had a duty to properly and timely adjust [his] claim" and that Westfield failed to do so in the manner of a "reasonably prudent insurance company." Pl. Compl. ¶¶ 13-14.

To the extent Blankenship's negligence claim is predicated on Westfield's failure to perform its contractual obligations, that claim is foreclosed by <u>Chamberlaine</u>.  To the extent the claim is predicated on an independent legal duty imposed by a source other

5

than the contract, it would sound directly in tort, and could survive summary judgment.  See Lockhart, supra.

West Virginia applies the "gist of the action doctrine" to determine if a claim sounds in contract or tort.  Cochran v. Appalachian Power Co., 162 W.Va. 86, 92-93(1978)("If the action is not maintainable without pleading and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance or nonfeasance, it is, in substance, an action on the contract, whatever may be the form of the pleading.")(internal quotation marks omitted).  In Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, the West Virginia Supreme Court identified four factors to be used by courts applying the "gist of the action" doctrine.  Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 231 W. Va. 577, 586 (2013)(per curiam).  The court stated that:

> Recovery in tort will be barred when any of the following factors is demonstrated:
>
> (1) where liability arises solely from the contractual relationship between the parties;
> (2) when the alleged duties breached were grounded in the contract itself;
> (3) where any liability stems from the contract; and
> (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

Id.  The court further noted that "whether a tort claim can coexist with a contract claim is determined by examining whether the parties'

6

obligations are defined by the terms of the contract." Id.

Blankenship's complaint alleges that Westfield has "a duty to properly and timely adjust" his claim, in the manner of a "reasonably prudent insurance company" and that the company breached that duty, as well as being "otherwise negligent." Pl. Compl. ¶¶ 13-14. The complaint also contains allegations that outline Westfield's duty to "deal with [Blankenship]'s claim fairly, in good faith and in a timely manner." Id. ¶¶ 21-22. The latter set of allegations relate to the bad faith claim that has already been dismissed by the court, and the former arises solely from the contractual relationship between the parties. Discovery has ended and in his opposition to Westfield's summary judgment motion Blankenship provides nothing to supplement these allegations – no new facts, and no substantive argument – that identifies an independent foundation, outside the contract itself, upon which his negligence claim can be based. Simply put, Blankenship has failed to identify any legal duty, other than the contract, from which Westfield's alleged negligence could flow. Failure to live up to a contractual obligation cannot alone be the basis of a tort claim.

Accordingly, there being no genuine issue of material fact, summary judgment in favor of Westfield on the negligence claim is appropriate.

7

## Conclusion and Order

For the forgoing reasons, the court ORDERS that Westfield's partial motion for summary judgment be, and hereby is granted.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

ENTER: May 13, 2015

_____
John T. Copenhaver, Jr.
United States District Judge